HON. WALTER LAMB Supervisor, town of Bolton
We acknowledge receipt of your letter inquiring whether the same person may be employed by the State Department of Environmental Conservation as the local manager of an Environmental Conservation Department headquarters and, at the same time, be an elected town councilman of your town.
We are not in a position to know whether the Governor's Executive Order No. 10 dated May 20, 1975, applies to the local manager of the Environmental Conservation Department headquarters. We enclose a copy of that order for your information. The constitutionality of that order is being raised in the case ofEvans, et al. v. Carey, et al., which has been argued in the Supreme Court, Erie County. The decision has not yet been rendered. We understand that one or more additional cases testing its validity are now pending.
In our opinion, a state employee, unless disqualified under Governor's Executive Order No. 10 of May 20, 1975, and with the following exceptions, has the right to work for another employer or be employed by or hold office in a municipal corporation. The exceptions are that the work be not performed during the hours of regular employment by the state and does not interfere with the performance of the duties required by the state employment; the absence of a constitutional or statutory bar to the outside employment or office; there is no departmental rule or regulation which prevents the holding of an outside office or employment; and no incompatibility or conflict of interest exists between the duties of the two positions. We enclose herewith copies of previous informal opinions of this office to the same effect, as follows: 1955 Informal Opinions of the Attorney General 19; 1969 Opinions of the Attorney General 76 and 91; 1970 Opinions of the Attorney General 203; 1972 Opinions of the Attorney General 275; and 1975 Opinions of the Attorney General 312. See, also, Peopleex rel. Ryan v. Greene, 58 N.Y. 295 (1874).
In the situation described in your letter it is, of course, possible that conflicts of interest may arise but they certainly are not bound to occur and the question of whether they will is purely speculative. We do not feel that the possibility of such a conflict is so great that the individual would be disqualified from holding office on the town board. However, if issues come before the town board concerning which there would be the possibility of divided loyalty, the individual should disqualify himself from participating in decisions in either capacity. If such instances occur more than rarely, the individual should resign from one position.
The individual should inquire whether the State Department of Environmental Conservation, by which he is employed, has any policy against his holding the position of town councilman. In the absence of such a policy, it is our opinion that the same person may simultaneously hold the position of manager of a local Environmental Conservation Department headquarters and the town office of town councilman.